884 F.2d 1397
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Constance HORNER, Director, Office of Personnel Management, Petitioner,
v.
James R. EVANS, Respondent.
 Misc. No. 253.
 United States Court of Appeals, Federal Circuit.
 June 29, 1989.
 
 Before FRIEDMAN, BISSELL and ARCHER, Circuit Judges.
 BISSELL, Circuit Judge.
 
 ORDER
 
 1
 Constance Horner, Director of the Office of Personnel Management (OPM), petitions for review of an arbitrator's February 4, 1989 decision, reconsideration denied on April 13, 1989, reversing the Bureau of Prison's removal of James R. Evans and ordering reinstatement with backpay. James R. Evans opposes the petition.
 
 
 2
 Briefly, Evans was arrested following an incident with a local police officer.* On January 28, 1988, Evans was found guilty of speeding and disorderly conduct by the municipal court. On February 3, 1988, Evans was removed by the agency. Evans subsquently challenged his removal through the grievance procedure. Later, on July 22, 1988, the local district court set aside the municipal court's conviction.
 
 
 3
 On February 4, 1989, the arbitrator issued his decision determining, inter alia, (1) that all of the agency's letters clearly stated that its proposed removal was contingent upon the resolution of criminal and administrative charges, (2) that management based its action on the police report and conviction and conducted no independent investigation, (3) that, absent the conviction, the agency did not have just and sufficient cause to remove Evans, and (4) that Evans should be reinstated with backpay from the time he was placed in nonpay status. OPM argues that the arbitrator's decision was erroneous in several aspects, i.e., OPM contends that the agency's removal was based on Evans' behavior and not dependent upon his conviction and that, even if Evans was entitled to reinstatement, the arbitrator lacked jurisdiction to award backpay for the period when Evans was indefinitely suspended.
 
 
 4
 Pursuant to 5 U.S.C. Sec. 7703(d) and Sec. 7121(f), OPM may petition for review of an arbitrator's decision where it determines in its discretion that the arbitrator has erred in interpreting a civil service law, rule or regulation affecting personnel management and that such error will have a substantial impact upon civil service administration. This court must independently determine whether an exercise of discretionary jurisdiction is warranted. Devine v. Brisco, 733 F.2d 867 (Fed.Cir.1984). In cases where OPM is challenging an award made pursuant to arbitration, this court will exercise even greater scrutiny. Devine v. Sutermeister, 724 F.2d 1558 (Fed.Cir.1983). In particular, OPM must demonstrate to the court that the decision will have a substantial impact on the administration of the civil service. Brisco, 733 F.2d at 871; Sutermeister, 724 F.2d at 1566. If the decision involves a matter closely tied to the facts of the case, the requisite impact does not exist. Sutermeister. 724 F.2d at 1566.
 
 
 5
 With regard to the "substantial impact" requirement, OPM merely reasserts its contentions that the arbitrator's decision was wrong. In response, Evans argues that OPM has not shown the necessary impact and that OPM is merely in disagreement with the arbitrator's assessment of the evidence and of the remedy.
 
 
 6
 In Sutermeister, 724 F.2d at 1566, we stated that an issue that is essentially a matter of judgment closely tied to the facts of the case presents precisely the type of issue for which OPM should not seek review. Here, we agree with Evans that the arbitrator's decision is closely tied to the facts and that OPM has not shown that the decision will have a substantial impact. Accordingly, we will deny OPM's petition for review.
 
 
 7
 Upon consideration thereof,
 
 IT IS ORDERED THAT:
 
 8
 OPM's petition for review is denied.
 
 
 
 *
 Following his arrest, the agency temporarily suspended Evans pending resolution of the criminal and administrative charges against him. He appealed the temporary suspension to the Merit Systems Protection Board, which denied his appeal on March 10, 1988